Filing # 179194625 E-Filed 08/08/2023 03:36:56 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CARLY MORRIS,

        Plaintiff,        CASE NO.:

vs.

ANGI, INC. f/k/a ANGIE'S LIST, INC.,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Carly Morris (hereafter " Morris"), by and through her counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, Angi, Inc. f/k/a Angie's List, Inc. (hereafter "Angi"), and alleges as follows:

### NATURE OF ACTION

1. This is an action arising from and seeking redress for violations by Angi of Morris' civil rights under the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes (hereafter the "FCRA").

### JURISDICTION AND VENUE

2. The instant suit is a claim for damages in excess of $50,000.00.

3. This Court has jurisdiction over Morris's claims pursuant to section 26.012(2)(a) and the FCRA.

4. Venue is proper in the Twentieth Judicial Circuit in and for Lee County, Florida because the unlawful employment practices and acts that give rise to this action were committed within this judicial district.

## PARTIES

5. At all times material hereto, Morris was a resident of Lee County, Florida.

6. At all times material hereto, Angi was a Colorado corporation doing business in Lee County, Florida.

7. At all times material hereto, Angi was an "employer" as defined by section 760.02(7), Florida Statutes, because it employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the year in which the unlawful employment practices took place and the preceding calendar year.

8. At all times material hereto, Angi was the employer of Morris.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. Morris exhausted her administrative remedies under the FCRA by dual-filing charges of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) within three hundred sixty-five (365) days of the discriminatory conduct alleged in this action.

10. The FCHR made no determination as to the merits of Morris's allegations within the one-hundred eighty (180) day period following the filing of her charge of discrimination.

11. Morris has satisfied any and all administrative requirements precedent to the filing of this action under the FCRA and is permitted to proceed to court pursuant to section 760.11, Florida Statutes.

## FACTUAL ALLEGATIONS

12. Morris began her employment with Angi, Inc. f/k/a Angie's List, Inc. (hereafter "Angi") on May 24, 2021, as a Sales Solutions Consultant.

13. After completing her training early with an "exceeds expectations" rating, Morris demonstrated exemplary performance in her position over her first several months.

14. Unfortunately, Morris suffers from several chronic medical conditions, including seizures, hemiplegic migraines, chronic daily pain, asthma, cancerous cells and skin cancer.

15. Morris' medical conditions became increasingly symptomatic in October, 2021.

16. When Morris sought time off to seek treatment, she was advised by her supervisor, Michelle Orr (hereinafter "Orr"), that she did not have accrued personal time and she would be written up if she missed work for these appointments.

17. Morris was further advised that if she did not work her full, regular schedule, her high value leads (hereinafter "HVLs") would be given to other consultants.

18. Morris attempted to navigate this situation and balance her medical and personal needs, but Orr continued to interfere with these efforts.

19. In late October, Orr attempted to issue formal discipline, only to find that Morris' sales numbers were well above what was required of her position.

20. Undeterred, Orr continued to demonstrate derision by expressing anger (often in Zoom meetings before others) towards Morris, or by outright ignoring her.

21. In one instance, Orr required Morris to exit a Zoom meeting due to a flare up of her conditions, which caused paralysis in both arms and hands, and impacted her speech and sight.

22. Predictably, the combination of Morris' unaccommodated conditions and Orrs' campaign of intimidation resulted in a downturn in Morris' sales performance.

23. Orr quickly took advantage of this self-fulfilled prophesy by issuing a Performance Improvement Plan (hereinafter "PIP") to Morris on November 8, 2021.

24. At that juncture, Morris attempted to seek help by contacting Angi's Human Resources (hereinafter "HR") Department.

25. After reviewing the matter, the HR Department advised Morris that she would be granted the accommodation of a flexible schedule to allow her to modify her working hours to allow her to seek treatment and to recover from any flare-ups of her symptoms.

26. Orr was advised of the accommodation that had been granted but chose to simply ignore the HR Department's directive. She reduced Morris' leads and deliberately provided her with leads that were not viable, ensuring that she could not succeed.

27. Orr's actions were directly contrary to the directives communicated in November 2021 in a companywide Zoom meeting (which was recorded). During this meeting, Angi's Chief Executive Officer conducted a segment regarding managers bullying sales representatives by withholding leads and favoring individuals.

28. Orr proceeded to issue a second PIP to Morris, and advised her in a one-on-one Zoom meeting that, if she failed to meet entirely unreachable goals immediately, she would be terminated on December 3, 2021.

29. Morris responded by reminding Orr that she was attempting to balance her work requirements with her medical issues and treatment.

30. Orr replied that she had paid no attention to the HR Department's approval of Morris' accommodation request, and that she hoped that it would not interfere with her disciplinary action.

31. Morris again reached out to the HR Department to advise them of Orrs' response to the approved accommodations and continued retaliation but received no response.

32. Left with no options other than to wait for the termination date and having seen firsthand how Orr has humiliated and degraded employees in front of others, despite recent additional training, Morris resigned on December 3, 2021.

33. In her resignation, Morris outlined the treatment to which she had been subjected as she sought accommodations for her disabilities. Nonetheless, no representative of Angi reached out to her in an effort to assess or remedy the situation.

## COUNT I: FLORIDA CIVIL RIGHTS ACT OF 1992, CHAPTER 760, FLORIDA STATUTES
## (DISABILITY DISCRIMINATION)

34. Morris hereby incorporates the allegations set forth in paragraphs 1 through 33 by reference.

35. Morris is a qualified individual with a disability and/or handicap under the FCRA. Specifically, Morris was diagnosed with seizures, debilitating migraines, asthma, and skin cancer.

36. At all times material hereto, Morris was qualified to perform the essential functions of her position with or without reasonable accommodations.

37. Angi discriminated against Morris on the basis of her disability by subjecting her to ridicule from her supervisor, issuing unwarranted disciplinary action, denying the accommodation of a flexible schedule agreed with HR, forcing her to attain unreachable sales goals with unviable leads, and issuing a threat of termination. This treatment ultimately culminated in Morris' constructive discharge.

38. As a direct, proximate, and foreseeable result of Angi's discriminatory actions, Morris has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

39. The actions of Angi make reinstatement ineffective as a make whole remedy, entitling Morris to front pay in lieu of reinstatement.

40. The actions of Angi were willful, wanton, intentional and/or were performed with malice and/or with reckless indifference to Morris's protected rights under the FCRA, thereby entitling Morris to punitive damages.

41. Morris has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, Morris demands judgment against Angi for:

a. Back pay;

b. Front pay;

c. Compensatory damages;

d. Punitive damages;

e. Attorneys' fees and costs of this action pursuant to § 760.11(5), Fla. Stat.; and

f. Such other relief as this Court deems just and proper.

### COUNT II: FLORIDA CIVIL RIGHTS ACT OF 1992, CHAPTER 760, FLORIDA STATUTES (FAILURE TO ACCOMMODATE)

42. Morris hereby incorporates the allegations set forth in paragraphs 1 through 33 of the Complaint as if fully set forth herein.

43. Morris is a qualified individual with a disability and/or handicap under the FCRA. Specifically, Morris was diagnosed with seizures, debilitating migraines, asthma, and skin cancer.

44. At all times material hereto, Morris was qualified to perform the essential functions of her position with or without reasonable accommodations.

45. Angi failed to provide reasonable accommodations for Morris's disability when it first approved and then unilaterally withdrew the accommodation of a flexible schedule, which interfered with Morris' ability to perform her job while continuing to seek treatment.

46. As a direct, proximate, and foreseeable result of Angi's discriminatory actions, Morris has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

47. The actions of Angi make reinstatement ineffective as a make whole remedy, entitling Morris to front pay in lieu of reinstatement.

48. The actions of Angi were willful, wanton, intentional and/or were performed with malice and/or with reckless indifference to Morris's protected rights under the FCRA, thereby entitling Morris to punitive damages.

49. Morris has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Morris demands judgment against Angi for:

a. Back pay;

b. Front pay;

c. Compensatory damages;

d. Punitive damages;

  e. Attorneys' fees and costs of this action pursuant to § 760.11(5), Fla. Stat.; and

  f. Such other relief as this Court deems just and proper.

### COUNT III: FLORIDA CIVIL RIGHTS ACT OF 1992, CHAPTER 760, FLORIDA STATUTES (RETALIATION)

50. Morris hereby incorporates the allegations set forth in paragraphs 1 through 33 by reference.

51. Angi violated the FCRA by retaliating against Morris for requesting accommodations and for objecting to the unlawful disability discrimination to which she was being subjected, with such practices constituting unlawful employment practices.

52. Angi took adverse employment actions against Morris by subjecting her to ridicule from her supervisor, issuing unwarranted disciplinary action, denying the accommodation of a flexible schedule agreed with HR, forcing her to attain unreachable sales goals with unviable leads, and issuing a threat of termination. This treatment ultimately culminated in Morris' constructive discharge.

53. The adverse employment actions suffered by Morris were causally related to, and in retaliation for, Morris having engaged in the protected activities of seeking accommodations, and of complaining about, and objecting in good faith to, unlawful disability discrimination as prohibited by the FCRA.

54. As a direct, proximate, and foreseeable result of Angi's retaliatory actions, Morris has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

55. The actions of Angi make reinstatement ineffective as a make whole remedy, entitling Morris to front pay in lieu of reinstatement.

56. The actions of Angi were willful, wanton, intentional and/or were performed with malice and/or with reckless indifference to Morris's protected rights under the FCRA, thereby entitling Morris to an award of punitive damages.

57. Morris has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Morris demands judgment against Angi for:

a. Back pay;

b. Front pay;

c. Compensatory damages;

d. Punitive damages;

e. Attorneys' fees and costs of this action pursuant to § 760.11(5), Fla. Stat.; and

f. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Carly Morris, hereby demands trial by jury on all issues so triable as a matter of right.

Date: August 8, 2023

Respectfully submitted,

s/David H. Spalter
Jill S. Schwartz, Esquire
Florida Bar No.: 0523021
David H. Spalter, Esquire

Florida Bar No.: 0966347
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 West Morse Blvd., Ste. 212
Winter Park, Florida 32789
Telephone: (407) 647-8911
Facsimile: (407) 628-4994
E-mail: jschwartz@schwartzlawfirm.net
E-mail: dspalter@schwartzlawfirm.net

Attorneys for Plaintiff